UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WENDY L. JOHNSON, | ) No. ED CV 09-1142-PLA |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on June 23, 2009, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 14, 2009, and July 15, 2009. The parties filed a Joint Stipulation on December 7, 2009, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on July 3, 1967. [Administrative Record ("AR") at 109.] She earned a GED [AR at 53, 123], and has past relevant work experience as a candy packer in a factory, a cashier, and an assembler. [AR at 304-10.]

On October 17, 2005, plaintiff applied for Supplemental Security Income payments, claiming an inability to work since October 1, 2003, due to difficulties walking and seeing, possibly related to her conditions of Graves' disease or diabetes mellitus, and hypertension. [AR at 13; see AR at 15-17, 242-44, 288.] After her application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 249, 254-58, 265-69.] A hearing was held on October 30, 2007, at which plaintiff appeared with counsel and testified on her own behalf. [AR at 49-80.] A vocational expert also testified. [AR at 74-78.] On March 21, 2008, the ALJ determined that plaintiff was not disabled. [AR at 13-19.] When the Appeals Council denied plaintiff's request for review of the hearing decision on April 20, 2009, the ALJ's decision became the final decision of the Commissioner. [AR at 5-7.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).

Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); Drouin, 966 F.2d at 1257.

**A.  THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine

whether the claimant has sufficient "residual functional capacity" ("RFC")[1] to perform her past work; if so, the claimant is not disabled and the claim is denied. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520(g), 416.920(g); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff has not engaged in any substantial gainful activity since October 17, 2005, plaintiff's application date. [AR at 15.] At step two, the ALJ concluded that plaintiff has the "severe" impairments of diabetes mellitus, Graves' disease, ptosis, and strabismus. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the RFC to perform sedentary work with certain limitations.[2] [AR at 15-17.] Specifically, the ALJ determined that plaintiff was limited to work not involving unprotected heights, "dangerous unguarded moving machinery," pushing or pulling with her lower extremities, or extreme temperatures. The ALJ further found that plaintiff "cannot more than occasionally climb, balance, stoop, kneel, crouch or crawl and cannot perform any job which requires focusing more than two to three hours per day or 15 to 30 minutes at one time." [AR at 15.] At step four, the ALJ concluded that plaintiff is unable to perform any of her past relevant work. [AR at 17.] At step five,

---

[1]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[2]   Sedentary work is defined as work that involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(c), 416.967(c).

using the Medical-Vocational Rules as a framework and the vocational expert's testimony, the ALJ concluded that plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [AR at 18.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 18-19.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to properly (1) consider all of the relevant medical evidence of record; (2) assess plaintiff's subjective complaints and credibility; and (3) consider all of the relevant vocational evidence of record. [Joint Stipulation ("JS") at 2-3.] As set forth below, the Court agrees with plaintiff that the ALJ did not make a proper credibility determination, and remands the matter for further proceedings.

**PLAINTIFF'S CREDIBILITY**

Plaintiff contends that the ALJ failed to properly consider plaintiff's subjective complaints and failed to make proper credibility findings. [JS at 9-12.] Whenever an ALJ discredits a claimant's testimony regarding subjective symptoms, including degree of pain and functional limitations, the ALJ must make explicit credibility findings. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (if the ALJ does not accept a claimant's testimony, he must make specific findings rejecting it). The ALJ can reject a claimant's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003); see Lester, 81 F.3d at 834 (the ALJ must provide clear and convincing reasons for discrediting a claimant's testimony as to severity of symptoms when there is medical evidence of an underlying impairment). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947,

958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). "It is not sufficient for the ALJ to make only general findings." Dodrill, 12 F.3d at 918. Absent evidence showing that a plaintiff is malingering, the ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing Dodrill, 12 F.3d at 918). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

Here, because the ALJ made no finding that the plaintiff was malingering, the ALJ was required to justify his credibility determination with clear and convincing reasons. See Benton, 331 F.3d at 1040. Despite finding that plaintiff's medical impairments "could reasonably be expected to cause the alleged symptoms," the ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms to be incredible "to the extent they [were] inconsistent with the residual functional capacity assessment." [AR at 16.] The only explicit reason the ALJ supplied in support of his credibility determination was that he gave "[s]ignificant and controlling weight . . . to the most recent consultative internal medicine evaluation done on December 7, 2007." [Id.] The Court understands this statement to mean that the ALJ discounted plaintiff's credibility because he believed the objective medical findings did not support her subjective symptoms.

An ALJ cannot rely solely on an absence of supporting objective medical findings to reject a plaintiff's credibility. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence."). A claimant need not produce evidence of subjective symptoms other than her own testimony. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) ("The claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." (internal quotations omitted)).

Here, plaintiff testified, and/or reported to physicians, that she experiences fatigue, double vision, blurry vision, joint pain, and has trouble standing. [See, e.g., AR at 59, 63-66, 68, 71-72, 312, 370-71.] The objective medical evidence demonstrates that plaintiff suffers from diabetes

mellitus and Graves' disease, among other impairments. [See, e.g., AR at 15, 317, 372-73.] Because plaintiff produced medical evidence of underlying impairments that the ALJ determined could reasonably be expected to cause her alleged symptoms, objective medical findings are not required to support their alleged severity. Bunnell, 947 F.2d at 344-45. Thus, a lack of corroborating objective evidence was an insufficient reason, on its own, for the ALJ to find plaintiff incredible.

In explaining that he gave "significant and controlling weight" to the December 2007 consultative examination, the ALJ conceivably may have meant that plaintiff's testimony was inconsistent with the objective medical evidence, rather than merely not supported by the evidence.[3] However, the ALJ did not explain how any of plaintiff's specific testimony was supposedly inconsistent with any objective evidence. For example, the ALJ notes that plaintiff complained of strabismus,[4] but an examination in December 2007 found that she had 20/20 vision in both eyes and was able to "visually move . . . about the office without any assistance." [AR at 17.] There are no obvious inconsistencies between this objective evidence and plaintiff's testimony that her strabismus caused fatigue and difficulty focusing. [See AR at 63-65.] The ALJ's treatment of plaintiff's reports of difficulty walking is similarly defective. The ALJ notes that plaintiff appeared at the October 2007 hearing in a wheelchair and testified that she had been using one regularly for one month. [AR at 16; see AR at 59-60.] He then notes that plaintiff "did not require the use of an assistive device for ambulation" at an examination twenty-one months before the hearing, and that at an examination two months after the hearing, plaintiff did not require an assistive device "for only a couple of steps of ambulation" but she "could not perform a steady tandem gait." [AR at 16-17.]

---

[3] The Court cannot discern any other reason provided by the ALJ to justify his credibility determination, and will not attempt to do so. "If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for a remand." Barbato v. Comm'r of Soc. Sec. Admin., 923 F.Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (quoting Williams v. Bowen, 664 F.Supp. 1200, 1207 (N.D. Ill. 1987)); see also Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

[4] Strabismus is a "manifest lack of parallelism of the visual axes of the eyes." Stedman's Medical Dictionary (27th ed. 2000).

Plaintiff's reported need for a wheelchair does not necessarily conflict with any of this objective evidence. The ALJ merely summarized the medical evidence and drew a conclusion as to plaintiff's credibility without providing any analysis. "While an ALJ may certainly find testimony not credible and disregard it . . . , [courts] cannot affirm such a determination unless it is supported by specific findings and reasoning." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884-85 (9th Cir. 2006). The ALJ erred by failing to provide clear and convincing reasons for discounting plaintiff's subjective testimony. Remand is warranted on this issue.[5]

## VI.
## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate in order to properly consider plaintiff's credibility. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision. Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: May 3, 2010

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[5] In light of the Court's remand order, the Court does not address plaintiff's remaining contentions of error. The Court notes, however, that the record contains scant evidence from plaintiff's treating physicians from the relevant time period, and advises the parties on remand to further develop the record. The Court is mindful that it is plaintiff's duty to prove that she is disabled, however, and notes that the ALJ already ordered a consultative examination after the October 2007 hearing and offered to issue a subpoena to obtain records from plaintiff's treating physician. [AR at 60-62, 78-79.]